IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 21-____ |
| v. | : | VIOLATIONS: |
| | | 18 U.S.C. § 1344(2) (bank fraud – 2 counts) |
| DEVRON BROWN | : | 18 U.S.C. § 1957 (money laundering - 9 counts) |
| | : | 18 U.S.C. § 2 (aiding and abetting) |
| | | Notice of forfeiture |

## INDICTMENT

### THE GRAND JURY CHARGES THAT:

#### COUNTS ONE AND TWO
#### (Bank Fraud and Attempted Bank Fraud)

At all times material to this indictment:

#### The Defendant, Relevant Entities, and Relevant Accounts

1. Defendant DEVRON BROWN was a United States citizen, with a last known address in Florida.

2. Just Us Construction Inc. ("JUST US") was a Pennsylvania corporation formed in or around June 2004. JUST US purportedly operated as a construction business. Defendant DEVRON BROWN was the President and sole beneficial owner of JUST US. In 2018, the Philadelphia business license for JUST US expired.

3. Bank 1 was a financial institution headquartered in Lancaster, Pennsylvania and insured by the Federal Deposit Insurance Corporation ("FDIC") with FDIC certificate number 7551. JUST US maintained an account at Bank 1, with an account number ending in 0684 ("the 0684 Account"). Defendant DEVRON BROWN was a signatory on that account.

4.      Bank 2 was a financial institution headquartered in New York, New York, insured by the FDIC with FDIC certificate number 628. Defendant DEVRON BROWN maintained a personal bank account at Bank 2, with an account number ending in 5366 ("the 5366 Account").

5.      Bank 3 was a financial institution headquartered in Pittsburgh, Pennsylvania and insured by the FDIC with FDIC certificate number 6384. JUST US maintained a bank account at Bank 3, with an account number ending in 1267 ("the 1267 Account"). Defendant DEVRON BROWN was a signatory on the 1267 Account. JUST US also maintained a separate bank account at Bank 3, with an account number ending in 6807 ("the 6807 Account"). Defendant BROWN was a signatory on the 6807 Account.

## The Small Business Administration

6.      The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy in a variety of ways, including by fostering the establishment and viability of small businesses and aiding in their economic recovery after community disasters.

7.      As part of its efforts, the SBA provided for business loans through banks, credit unions, and other lenders. Those loans had government-backed guarantees.

## The CARES Act and Paycheck Protection Program

8.      The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") was a federal law enacted in or about March 2020. The CARES Act provided emergency financial assistance to the millions of Americans suffering the economic effects of the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small

businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

9. To obtain a PPP loan, a qualifying business had to submit a PPP loan application signed by an authorized representative of the business. The PPP loan application required the business, through its authorized representative, to acknowledge the program rules and to make affirmative certifications to be eligible for the PPP loan. For example, in the PPP loan application (SBA Form 2483), the business, through its authorized representative, had to state its average monthly payroll expenses and number of employees. In addition, businesses had to provide documentation showing their payroll expenses, as part of the PPP loan application process. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.

10. Once a qualifying business completed a PPP application, a participating lender processed the application. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which the SBA guaranteed. In the course of processing the PPP loan, the lender transmitted data from the loan application to the SBA, including information about the borrower, the total amount of the loan, and the identified number of employees. Bank 1 was a participating lender in the PPP.

11. Proceeds from a PPP loan were legally required to be used only for certain permissible business expenses, including payroll costs, mortgage interest, rent, and utilities. Under the applicable PPP rules and guidance, the interest and principal on the PPP loan was eligible for forgiveness, if the business spent the loan proceeds on permissible items within a designated period of time and used a certain portion of the loan toward payroll expenses.

## The Scheme to Defraud

12.     From on or about June 21, 2020, through on or about February 6, 2021, in the Eastern District of Pennsylvania, and elsewhere, defendant

**DEVRON BROWN**

knowingly executed and attempted to execute a scheme and artifice to defraud Bank 1, and to obtain money and property under the care, custody and control of Bank 1, by means of materially false and fraudulent pretenses, representations, and promises.

13.     The purpose of the scheme was for defendant DEVRON BROWN to enrich himself and others by fraudulently obtaining PPP loan proceeds, including by making false statements about the number of JUST US employees, the wages paid to JUST US employees, the payroll taxes paid by JUST US, and the intended use of the PPP loan proceeds. Once he obtained those PPP loan proceeds, defendant BROWN caused those funds to be spent on unauthorized purchases and laundered a significant portion of those funds through various bank accounts.

## Manner and Means

It was part of the scheme that:

14.     On or about June 21, 2020, defendant DEVRON BROWN caused a false and misleading PPP loan application to be submitted to Bank 1, in the name of JUST US, seeking approximately $935,875 in PPP funds ("the Bank 1 PPP Application"). The Bank 1 PPP Application contained purported payroll data regarding JUST US that, if true and accurate, would have supported a loan request of $937,500. Defendant BROWN signed the Bank 1 PPP Application and falsely certified that both the application and the information provided in the supporting documents were true and accurate.

15.     The information that defendant DEVRON BROWN caused to be submitted with the Bank 1 PPP Application falsely represented the number of JUST US employees, the wages paid to JUST US employees, the state and local payroll taxes paid by JUST US, and the intended uses of the PPP loan proceeds. For example, a spreadsheet appended to the application falsely represented amounts allegedly paid in state and local payroll taxes for 25 Pennsylvania employees of JUST US in the second quarter of 2020; however, JUST US paid no state and local payroll taxes for Pennsylvania employees in the second quarter of 2020. In addition, defendant Brown also caused to be submitted what purported to be (a) a federal quarterly tax return (IRS Form 941) for JUST US covering the first quarter of 2020 and (b) a federal annual tax return (IRS Form 940) for JUST US covering 2019. The purported IRS Form 941, signed by defendant BROWN, falsely stated that JUST US paid $125,531.37 in federal employment taxes for the first quarter of 2020. In fact, JUST US had not filed with the Internal Revenue Service either the Form 940 or Form 941 attached to the Bank 1 PPP Application.

16.     In the Bank 1 PPP Application, defendant DEVRON BROWN further certified that the PPP loan proceeds "would be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rule." He further certified that he understood that "if the funds [were] knowingly used for unauthorized purposes, the federal government may hold [him] legally liable, such as for charges of fraud." Likewise, he affirmed that the information he provided "in this application and the information provided in all supporting documents and forms is true and accurate in all material respects" and further affirmed that knowingly making a false statement to obtain a PPP loan could result in imprisonment, or fines, or both.

17. The Bank 1 PPP Application was approved. On or about June 26, 2020, Bank 1 distributed approximately $937,500 through a wire transfer sent to the 0684 Account at Bank 1.

18. Between on or about June 26, 2020 and November 16, 2020, defendant DEVRON BROWN caused PPP loan proceeds from the 0684 Account at Bank 1 to be transferred and used for personal and unauthorized expenses, including the purchase of a luxury automobile, a pickup truck, a residential home in Florida, and an excavator. Specially, those transfers of PPP loan funds for unauthorized purposes and uses included:

   a. A wire transfer in the amount of approximately $250,000, on or about July 6, 2020, to a law firm for the purchase of a residential property in Deltona, Florida;

   b. A wire transfer in the amount of approximately $42,785.62, on or about July 9, 2020, to a Lexus car dealership in Annapolis, Maryland for the purchase of a 2017 Lexus GS 350;

   c. A wire transfer in the amount of approximately $50,474.64, on or about July 10, 2020, to a car and truck dealership in Florida for the purchase of a 2018 Ford F350 XLT pickup truck; and

   d. A wire transfer in the amount of approximately $55,000 on or about July 16, 2020, to a construction equipment supplier for the purchase of a 2016 JCB 86C-1 Excavator.

19. Between on or about July 2, 2020, through on or about August 10, 2020, defendant DEVRON BROWN caused PPP loan funds to be transferred from the 0684 Account to the 1267 Account. Defendant BROWN then caused those PPP loan funds deposited in the 1267 Account to be used for personal and unauthorized expenses, including the purchase of a diamond engagement ring and a diamond wedding band. Specifically, on or about November 16, 2020, defendant BROWN used those PPP loan funds from the 1267 Account to purchase a 14 karat white

gold, three stone diamond engagement ring and a 14 karat white gold, diamond wedding band via a debit card purchase for a total amount of approximately $6,318.97.

20. Between on or about July 6, 2020, through on or about August 10, 2020, defendant DEVRON BROWN caused PPP loan funds to be transferred from the 0684 Account and deposited into the 5366 Account. Defendant BROWN then caused those PPP loan funds deposited in the 5366 Account to be used for personal and unauthorized expenses, including the purchase of an all-terrain vehicle and a motorcycle. Specifically, on or about July 18, 2020, defendant BROWN used those PPP loan funds from the 5366 Account to purchase a 2020 CF Moto CForce 600 ATV and a 2018 Kawasaki ZX1400 motorcycle via a cashier's check in the amount of approximately $19,076, made payable to a motorcycle dealership in Florida.

21. On or about February 6, 2021, defendant DEVRON BROWN caused another false and misleading PPP loan application to be submitted to Bank 1 for a second draw PPP loan, in the name of JUST US, seeking approximately $935,875 in PPP funds ("the Second Bank 1 PPP Application"). The Second Bank 1 PPP Application contained false representations regarding the number of JUST US employees and the wages paid to JUST US employees. Defendant Brown also caused to be submitted with the Second Bank 1 PPP Application the same falsified, federal tax Forms 940 and 941 that were submitted with the first Bank 1 PPP Application. Defendant BROWN electronically signed the Second Bank 1 PPP Application and falsely certified that both the application and the information provided in the supporting documents were true and accurate. Bank 1 denied the Second Bank 1 PPP Application for a second draw PPP loan.

22. Defendant DEVRON BROWN's scheme caused actual losses of at least $937,500, with intended losses of $1,871,750, based on the two PPP loan applications he submitted to Bank 1.

23. On or about the dates below, in the Eastern District of Pennsylvania, and elsewhere,

**DEVRON BROWN,**

knowingly executed, and attempted to execute, the above-described scheme and artifice to obtain the moneys, funds, credits, assets, securities, and property owned by and under the custody and control of Bank 1, by means of materially false and fraudulent pretenses, representations, and promises, each such execution and attempted execution constituting a separate count as follows:

| COUNT | DATE | DESCRIPTION OF EXECUTION |
|---|---|---|
| 1 | June 21, 2020 | Submission to Bank 1 of the Bank 1 PPP Application in the name of Just Us Construction Inc., seeking approximately $935,875 |
| 2 | February 6, 2021 | Submission to Bank 1 of the Second Bank 1 PPP Application in the name of Just Us Construction Inc., seeking a second draw of approximately $935,875 |

All in violation of Title 18, United States Code, Section 1344(2).

## COUNTS THREE THROUGH ELEVEN
### (Engaging in Transactions in Unlawful Proceeds)

1. The allegations in paragraphs 1 through 22 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2. On or about the dates identified below, in the Eastern District of Pennsylvania, and elsewhere,

**DEVRON BROWN,**

knowingly engaged in, and aided and abetted and willfully caused, monetary transactions affecting interstate commerce in criminally derived property of a value greater than $10,000 that were, in fact, derived from specified unlawful activity, that is, bank fraud, in violation of Title 18, United States Code, Section 1344, as alleged in Count One, as follows:

| COUNT | DATE | DESCRIPTION OF TRANSACTION |
|---|---|---|
| 3 | July 6, 2020 | Transfer of $15,000 from the 0684 Account to the 5366 Account, by means of a cashier's check made payable to DEVRON BROWN |
| 4 | July 6, 2020 | Transfer of $250,000 from the 0684 Account to a law firm to purchase a house in Deltona, Florida, via a wire transfer initiated by DEVRON BROWN |
| 5 | July 8, 2020 | Transfer of $25,000 from the 0684 Account to the 5366 Account, by means of a cashier's check made payable to DEVRON BROWN |
| 6 | July 9, 2020 | Transfer of $42,785.62 from the 0684 Account to a Lexus dealership in Annapolis, Maryland to purchase a 2017 Lexus GS 350 for DEVRON BROWN's mother |
| 7 | July 10, 2020 | Transfer of $50,474.64 from the 0684 Account to a car and truck dealership to purchase a 2018 Ford F350 XLT pickup truck by DEVRON BROWN |
| 8 | July 16, 2020 | Transfer of $55,000 from the 0684 Account to a construction equipment company to purchase a 2016 JCB 86C-1 Excavator, in the name of JUST US, Attention: DEVRON BROWN |
| 9 | July 18, 2020 | Transfer of $19,076 from the 5366 Account to a motorcycle dealership to purchase a 2018 Kawasaki ZX1400 motorcycle and a 2020 CF Moto CForce 600 ATV, by means of a cashier's check remitted by DEVRON BROWN. |

| COUNT | DATE | DESCRIPTION OF TRANSACTION |
|---|---|---|
| 10 | August 10, 2020 | Transfer of $125,000 from the 0684 Account to the 5366 Account, via a check made payable to DEVRON BROWN |
| 11 | August 10, 2020 | Transfer of $125,000 from the 0684 Account to the 1267 Account, via check made payable to JUST US |

All in violation of Title 18, United States Code, Sections 1957 and 2.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

As a result of the violations of Title 18, United States Code, Sections 1344(2) and 1957, set forth in this indictment, defendant

**DEVRON BROWN**

shall forfeit to the United States of America (1) any property that constitutes, or is derived from, proceeds obtained directly or indirectly as a result of the commission of such violations of Title 18, United States Code, Section 1344(2), and (2) any property, real or personal, involved in such violations of Title 18, United States Code, Section 1957, and any property traceable to such property, including but not limited to:

    a.    the sum of at least $937,500 in United States currency (money judgment), which represents the PPP loan proceeds received by the defendant and traceable to the commission of such violations of Title 18, United States Code, Section 1344(2); and

    b.    2916 Monarch Avenue, Deltona, Florida 32738.

If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred to, sold to, or deposited with a third party;

    c.    has been placed beyond the jurisdiction of this Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982.

A TRUE BILL:

███████████████

FOREPERSON

_Ronald Barack for_
_____
**JENNIFER ARBITTIER WILLIAMS**
**Acting United States Attorney**

No. _ _ _ _ _ _ _ _

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

DEVRON BROWN

INDICTMENT

Counts

18 U.S.C. § 1344(2) (bank fraud – 2 counts)
18 U.S.C. § 1957 (money laundering – 9 counts)
18 U.S.C. § 2 (aiding and abetting)
Notice of forfeiture

A true bill

_____
Foreman

Filed in open court this _____ day,
Of _____ A.D. 20____

_____
Clerk

Bail, $ _____